UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Shawn Rice, Dylan Foy, Alex Carling, and Intrepid Minneapolis L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> Shuga Records, Inc. and Adam Rosen, <br><br> Defendants. | Civil Action No.: _____ <br><br><br> **COMPLAINT** |

Plaintiffs Shawn Rice ("Shawn"), Dylan Foy ("Dylan"), Alex Carling ("Alex"), collectively known and doing business as Intrepid, and Intrepid Minneapolis, L.L.C. for their complaint against Defendants Shuga Records, Inc. ("Shuga Records") and Adam Rosen ("Rosen") state and allege as follows:

**NATURE OF THE DISPUTE**

1.  Plaintiffs are artists and graphic designers who were retained by Rosen to create a new logo, website, and other advertising collateral for Rosen's business, Shuga Records. Plaintiffs worked for over three years on the requested artwork and designs, and delivered to Rosen and Shuga Records high-quality materials that Rosen incorporated into Shuga Records' business operations and website. Rosen even had the Shuga Records' logo that Plaintiffs designed tattooed on his forearm.

2.  In exchange for Plaintiffs' design services, the parties agreed that Plaintiffs would receive a percentage of all profit generated by Shuga Records' online sales for five years. But, Defendants have refused to live up their agreement. To date, Plaintiffs have

not received a penny for their work. Worse, Defendants' blatantly used Plaintiffs' artwork and designs for months after receiving repeated cease and desist letters. Therefore, Plaintiffs are entitled to injunctive relief enjoining Defendants' use of Plaintiffs' artwork and designs, as well as damages for Defendants' unauthorized use of Defendants copyrighted material, breach of the parties' agreements and copyright violations.

## PARTIES, JURISDICTION AND VENUE

3. Shawn is an individual who resides in Brooklyn, New York.

4. Dylan is an individual who resides in Crystal, Minnesota.

5. Alex is an individual who resides in Minneapolis, Minnesota.

6. Intrepid Minneapolis, L.L.C. ("Intrepid") is a Minnesota limited liability company with its principle place of business in Brooklyn Park, Minnesota. Shawn, Dylan, and Alex are the sole members of Intrepid.

7. Upon information and belief, Defendant Shuga Records, Inc. is an Illinois corporation with its principal place of business in Chicago, Illinois. It currently does business as a record store. During times relevant to the allegations contained in this Complaint, Shuga Records was incorporated in Minnesota and did business in Minneapolis, Minnesota.

8. Defendant Adam Rosen resides at 611 South Wells Street, Chicago, Illinois 60607. During times relevant to the allegations contained in this Complaint, Rosen resided and did business in Minneapolis, Minnesota.

9. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1338 and 1367.

2

10. Pursuant to 28 U.S.C. § 1391, venue is proper in this district because the causes of action arose in in this district and the facts and events alleged herein occurred in this district.

**FACTS**

**I. Intrepid Agrees to Rebrand Shuga Records and Redesign Its Website.**

11. Shawn, Dylan, and Alex are artists, graphic designers, and web designers, with years of experience in various design related business ventures. Dylan and Shawn are graduates of the Art Institutes International of Minnesota with Bachelors of Science in Graphic Design, and Alex has an Associates of Applied Sciences in Web Design from Dunwoody College of Technology.

12. After Shawn graduated from The Art Institutes in June 2011, he, Dylan, and Alex, doing business as Intrepid, began providing design-related services to a variety of clients, including by performing branding, graphic design, silk-screen printing, and web and database design and programming.[1]

13. Upon information and belief, Defendant Rosen is the owner and operator of Shuga Records. In or around June 2011, Plaintiffs met with Rosen to discuss a rebranding project for Shuga Records.

14. At the June 2011 meeting, Rosen and Plaintiffs agreed on the general scope of the rebranding project. Among other things, Plaintiffs agreed to prepare a new website design, logo, stationary, apparel designs, and other advertising and promotional collateral for Shuga Records.

---

[1] Shawn, Dylan, Alex, and Intrepid, L.L.C. will hereinafter be collectively referred to as Plaintiffs.

3

15. While the parties did not agree on specific payment terms, the parties agreed that Plaintiffs would be compensated for their work on the rebranding project.

16. In July 2011, Plaintiffs started work on the rebranding project. Plaintiffs' work was exhaustive. They spent countless hours preparing and revising draft designs for Shuga Records' website, logo, clothing, and other products. In a typical interaction, Plaintiffs spent dozens of hours preparing a design before sending it to Rosen for review. Rosen and other representatives of Shuga Records would respond with revisions, which Plaintiffs would incorporate into the design. This time-consuming and laborious process continued for months before final products were approved by Rosen and Shuga Records.

17. In total, Plaintiffs' work on the rebranding project spanned more than 30 months. Over this course of time, and without limitation, Plaintiffs created and provided to Rosen and Shuga Records: (i) a unique website design; (ii) a new logo for Shuga Records; (iii) a word-mark for Shuga Records; (iv) branded clothing designs; (v) posters; (vi) business cards; (vii) greeting cards; and (viii) other art and advertisements. Further, Plaintiffs also provided website debugging and information architecture services for Shuga Records in addition to the rebranding services.

18. Rosen and Shuga Records accepted Plaintiffs' work product and incorporated it into Shuga Records' business operations. By at least February 2012, Shuga Records published the new website design that Plaintiffs had created. The website design consisted of Plaintiffs' unique designs, wordmarks, color schemes, logos, information architecture, language, and art work. For example, Plaintiffs created new designs for the following pages on the site: about, article, browse, cart, checkout, contact,

default, events, FAQ, grading, item, login, news, order confirm, payment info, and shipping.

19. Over the next eighteen months, Plaintiffs continued to add enhancements and features to the website. Beginning in or around June of 2013, Rosen and Shuga Records published a final copy of Plaintiffs' new website design. Plaintiffs' finalized website design consisted of Plaintiffs' unique designs, wordmarks, color schemes, logos, information architecture, language, and art work.

20. While its work on Shuga Records' website was the most significant of Plaintiffs' services for Rosen and Shuga Records, Plaintiffs also redesigned Shuga Records' logo, created an original word-mark for Shuga Records, and produced other various designs that, upon information and belief, Shuga Records has used in its business operations and sold to customers.

21. Rosen and Shuga Records were very pleased with the quality of Plaintiffs' work, and Rosen went so far as to have the logo that Plaintiffs designed for Shuga Records' to be tattooed on his arm.

**II. Parties Negotiate Written Agreement.**

22. In December of 2011, the parties began negotiations over a written agreement and compensation structure for Plaintiffs' work for Rosen and Shuga Records.

23. The agreement provided that Plaintiffs would be paid either a percentage of revenue from the monthly sales on Shuga Records' website or a flat monthly fee, whichever was greater. The parties agreed that the monthly payments would continue for five years, but did not specify a date when the payments would begin.

24. Ultimately, the parties failed to agree on when the monthly payments would begin, and no agreement was signed.

25. Although Shuga Records has used and incorporated Plaintiffs' designs into its website and other business operations, Plaintiffs have never been paid by Rosen or Shuga Records for the rebranding project. Indeed, Rosen and Shuga Records continue to reap the benefits of Intrepid's hard work and creativity without any compensation to Plaintiffs.

### III. Shuga Records Uses Plaintiffs' Designs.

26. In or around December 2014, Plaintiffs demanded that Rosen and Shuga Records cease and desist use of any of Plaintiffs' intellectual property, including wordmark, logos, color schemes, designs, information architecture, wording, and art. Intrepid also demanded payment for its work on the rebranding project and Rosen's and Shuga Records' exploitation of Plaintiffs' work.

27. Despite this demand, Rosen and Shuga Records failed to remove all of Plaintiffs' intellectual property from its website and other business operations for months. Rosen and Shuga Records also continued to refuse to pay Plaintiffs for their work. Plaintiffs have never been compensated by Rosen or Shuga Records for their work on the rebranding project.

## CLAIM I

## COPYRIGHT INFRINGEMENT

28.  Plaintiffs incorporate by reference all preceding paragraphs.

29.  Plaintiffs' unique designs, wordmarks, color schemes, logos, information architecture, language, and art work constitute copyrightable subject matter under the law of the United States, specifically 17 U.S.C. § 101 *et seq.* ("the Copyright Act").

30.  Plaintiffs have applied for a copyright registration for all of the original work they produced as part of its work for Shuga Records and Rosen.

31.  Plaintiffs have complied in all respects with the Copyright Act and all other laws governing copyright by filling with the U.S. Copyright Office applications for copyright registrations, and expect to receive those registrations, as set forth herein.

32.  Defendants, unlawfully and without permission or license from Plaintiffs, have copied and reproduced for profit Plaintiffs' original registered works.

33.  Defendants' copyright infringement was willful and in flagrant violation of Plaintiffs' intellectual property rights.

34.  The specific acts of copyright infringement alleged herein, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs significant damage.

35.  As a result of the foregoing, Plaintiffs are entitled to actual damages in the form of Defendants' profits and Plaintiffs' losses and in amounts to be determined at trial.

## CLAIM II

## BREACH OF CONTRACT

36. Plaintiffs incorporate by reference all preceding paragraphs.

37. In June 2011, Plaintiffs, Rosen, and Shuga Records entered into a valid and enforceable contract to provide design-related services to Rosen and Shuga Records.

38. Defendants breached this contract when they failed to pay Plaintiffs for the use of Plaintiffs' intellectual property and for Plaintiffs' design services.

39. Therefore, Plaintiffs have suffered damages in an exact amount to be proven at trial.

## CLAIM III

## PROMISSORY ESTOPPEL

40. Plaintiffs incorporate by reference all preceding paragraphs.

41. Defendants promised to compensate Plaintiffs for Plaintiffs' design-related services by paying Plaintiffs a monthly fee or percentage of revenue from sales on Defendants' website for a total of 60 months.

42. Defendants' promise to pay Plaintiffs for their work was intended to induce Plaintiffs to perform the design-related services.

43. Plaintiffs reasonably relied on Defendants' promises when Plaintiffs began the extensive work necessary to complete the rebranding project.

44. Defendants' promises to pay Plaintiffs should be enforced to avoid injustice, as Defendants' have reaped the benefits of Plaintiffs' creativity, original designs and months of hard work without paying any compensation whatsoever.

## CLAIM IV

## UNJUST ENRICHMENT

45.   Plaintiffs incorporate by reference all preceding paragraphs.

46.   Defendants have been unjustly enriched at the expense and to the detriment of Plaintiffs because Defendants benefitted from the use of Plaintiffs' intellectual property and design-related services, but have failed to compensate Plaintiffs.

47.   Plaintiffs are therefore entitled to recover damages in an exact amount to be proven at trial under the principles of unjust enrichment and quantum meruit.

## DEMAND FOR JURY TRIAL

48.   Plaintiffs demand a jury trial for all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request the Court issue an order as follows:

A.   Entering judgment in favor of Plaintiffs and against Defendants on all of Plaintiffs' claims;

B.   Enjoining Defendants from further use of Plaintiffs' intellectual property;

C.   For an order pursuant to 17 U.S.C. § 503 impounding all copyrighted materials and records relating thereto in the possession of the Defendants, their officers, agents, servants, employees, representatives, attorneys and assigns and all other persons, firms, and corporations in active concert or participation with them;

D.   Awarding damages to Plaintiffs for Defendants' infringement, breaches, and other conduct alleged herein;

E.  Awarding such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
|  | **STINSON LEONARD STREET LLP** |
| Dated: July 2, 2015 | By: s/Ryan M. Sugden |
|  | Melanie Full (#391834)<br>Melanie.Full@stinsonleonard.com<br>Ryan M. Sugden (#393436)<br>Ryan.Sugden@stinsonleonard.com<br>150 South Fifth Street, Suite 2300<br>Minneapolis, MN  55402<br>Telephone:  612.335.1500<br>Facsimile:  612.335.1657 |
|  | **ATTORNEYS FOR PLAINTIFFS** |